**FILED**
**Oct 27, 2025**
**10:19 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MUSSHUR MEENER,** | ) | **Docket No.: 2025-80-0048** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS HUB,** | ) | **State File No.: 84369-2024** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INS. CO. OF N. AM.,** | ) | **Judge Shaterra R. Marion** |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on October 22, 2025. Mr. Meener requested additional medical and temporary disability benefits for his alleged work injury. Federal Express denied his requests because his work injury did not cause his current symptoms and it accommodated his work restrictions. The Court agrees and denies the requested benefits.

### History of Claim

On November 17, 2024, Mr. Meener slipped and fell on a cargo roller while working for Federal Express, injuring his neck and shoulder blades.

After reporting the injury, Mr. Meener selected an urgent care clinic from a panel. The provider diagnosed him with neck and shoulder sprains, placed him on light duty as of November 24, and referred him to an orthopedist.

Greg Corbin, the safety specialist at Federal Express, testified that it could accommodate the restrictions given by the clinic. Mr. Meener signed an offer from Federal Express for a light-duty position on November 26.

Later, Mr. Meener selected Dr. John Brophy from an orthopedic panel. After a physical exam and imaging, Dr. Brophy diagnosed neck myofascial pain syndrome. The

CT scan showed multilevel spondylosis without evidence of fracture or subluxation. Dr. Brophy ordered work conditioning and placed Mr. Meener on light duty.

Mr. Corbin testified that Mr. Meener no longer worked at Federal Express when Dr. Brophy placed Mr. Meener on light duty. However, Mr. Corbin stated that Federal Express could have accommodated the light duty restrictions if Mr. Meener still worked there.

At a follow-up visit, Mr. Meener reported to Dr. Brophy about his work status. Dr. Brophy wrote: "Mr. Meener feels that his neck pain is 60% improved… he continues to operate his home fragrance business and has no intention of returning to FedEx as a material handler." Mr. Meener attended one physical therapy visit, which he described as "ineffective."

Dr. Brophy released Mr. Meener at maximum medical improvement with a 0% impairment rating and anticipated no need for additional treatment. In response to a causation letter sent by Federal Express, Dr. Brophy stated that Mr. Meener's work did not contribute more than 50% to his current need for medical treatment.

Mr. Meener testified that he needs additional treatment, including a chiropractor and physical therapy. The medical records he introduced into evidence include a CT scan, which showed no acute abnormality. Mr. Meener did not offer evidence from any doctor on whether his work injury caused his current symptoms. Although Mr. Meener requested temporary disability benefits, he offered no testimony or evidence on the issue.

### Findings of Fact and Conclusions of Law

Mr. Meener has the burden of proving he is likely to prevail at a hearing on the merits regarding his request for benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To meet this burden, Mr. Meener must show a physician found to a reasonable degree of medical certainty that his fall at work contributed more than 50% in causing his current need for medical treatment, considering all causes. *Id.* § 50-6-102(12). He has not done so.

Mr. Meener testified that his fall at work caused his current injuries. However, the Appeals Board held that an employee's "subjective belief, no matter how sincerely held, is not a sufficient basis to support his claim for workers' compensation benefits." *Rucker v. Fed'l Express Corp.*, 2024 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Feb. 12, 2024). Instead, Mr. Meener must present medical evidence to establish a causal relationship. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008).

The Court acknowledges that Mr. Meener fell at work and suffered sprains, but he requests medical treatment for continued pain. Here, Dr. Brophy stated that Mr. Meener's work did not contribute more than 50% to his current need for medical treatment. His opinion is presumed correct. *Id.* § 50-6-102(12)(E). Therefore, the Court finds that Mr. Meener is not likely to prevail at a hearing on the merits in showing that his work primarily caused his current need for medical treatment and denies his request for medical benefits at this time.

Mr. Meener also sought temporary disability benefits. An injured worker is entitled to temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, when the temporary disability is not total. Tenn. Code Ann. § 50-6-207(1)-(2). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016).

Temporary restrictions assigned by physicians during an injured worker's medical treatment do not establish an entitlement to temporary disability benefits if the employee is able to work without loss of income. *Long v. Mid-Tenn. Ford Truck Sales*, 160 S.W.3d 504, 511 (Tenn. 2005).

Here, Federal Express made a reasonable return to work offer, within Mr. Meener's restrictions, and without a loss of income. Mr. Meener initially accepted the light-duty position but offered no testimony as to why he did not return to work. The Court finds that Mr. Meener was able to work without loss of income and therefore is not entitled to temporary disability benefits.

**IT IS THEREFORE ORDERED** as follows:

1. The Court denies Mr. Meener's request for benefits at this time.

2. The Court sets a status conference for **January 12, 2026, at 11:15 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED October 27, 2025.**

_____

**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

<u>Exhibits</u>:
1) Medical Records filed by Mr. Meener
2) Form C-42 Panel Selecting American Family Care
3) Medical Records from American Family Care
4) Light Duty Job Offer Signed by Mr. Meener
5) Form C-42 Panel Selecting Dr. John Brophy
6) Medical Records from Dr. Brophy
7) Final Medical Report from Dr. Brophy
8) Causation Letter from Dr. Brophy
9) Medical Bills Filed by Mr. Meener
10) Mr. Meener's Expedited Hearing Affidavit

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing was sent as indicated on October 27, 2025.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Musshur Meener, Employee | X | X | 211 S. Sheppard Drive Euless, TX 76040 musshurfragranceworld@gmail.com |
| Joseph Baker, Employer's Attorney | | X | jbaker@mckuhn.com mdoherty@mckuhn.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*